**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAKE CHARLES DIVISION**

**RAUL PINEDA**
**REG. # 64133-179**

**DOCKET NO. 2:23-CV-00707**
**SECTION P**

**VERSUS**

**JUDGE JAMES D. CAIN, JR.**

**WARDEN FCI OAKDALE II**

**MAGISTRATE JUDGE LEBLANC**

# REPORT AND RECOMMENDATION

Before the court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 by pro se petitioner Raul Pineda on May 26, 2023. Doc. 1. The Government filed a response to the petition (doc. 8), which is now ripe for review. Pineda is an inmate in the custody of the Bureau of Prisons ("BOP") and is currently incarcerated at the Federal Correctional Center at Oakdale, Louisiana ("FCIO").

This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of this Court. For the reasons stated below, **IT IS RECOMMENDED** that the matter be **DENIED** and **DISMISSED WITH PREJUDICE**.

## I.
## BACKGROUND

Pineda is currently serving two consecutive sentences: three hundred sixty (360) months for conspiracy to possess with intent to distribute fifty (50) grams or more of methamphetamine and eighteen (18) months for violating the terms of supervised release in connection with an underlying conviction for Reentry of a Deported Alien. *See* Declaration of Ashley White, doc. 8, att. 1, p. 1-8. These sentences have been aggregated into a single term of confinement of three

hundred seventy-eight (378) months, or thirty-one and a half years. *Id*. Petitioner is a citizen of Mexico who, without factoring in any FSA time credits, has a projected release date via "good conduct time release" of May 2, 2037. *Id*.

Pineda filed the instant Petition for Writ of Habeas Corpus alleging that BOP failed to award him credits to which he is entitled under the First Step Act ("FSA"). Specifically, Pineda argues that an immigration detainer should not bar him from receiving FSA good time credits, as it is not a final order of deportation, and thereby requests the application of time credits to result in early release from custody.

The Respondent contends that Pineda is ineligible to earn FSA time credits because he is serving a sentence for a disqualifying offense, because he is subject to a final order of removal, and because his claims are premature.

## II.
## LAW & ANALYSIS

### *A. Screening of Habeas Corpus Petitions*

A district court may apply any or all of the rules governing habeas petitions filed under 28 U.S.C. § 2254 to those filed under § 2241. *See* Rule 1(b), Rules Governing § 2254 Cases in the United States District Courts. Rule 4 of the Rules Governing § 2254 Cases authorizes preliminary review of such petitions, and states that they must be summarily dismissed "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." *Id.* at Rule 4. To avoid summary dismissal under Rule 4, the petition must contain factual allegations pointing to a "real possibility of constitutional error." *Id.* at Rule 4, advisory committee note (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)). Accordingly, we review the pleadings and exhibits before us to determine whether any right to relief is indicated, or whether the petition must be dismissed.

### *B. First Step Act of 2018*

The FSA authorizes the BOP to grant Federal Time Credits ("FTC" or "FSA Time Credits") to eligible inmates. *See* 18 U.S.C. § 3624(g). "An eligible inmate… may earn FSA Time Credits for programming and activities in which he or she participated from December 21, 2018, until January 14, 2020," and "may earn FSA Time Credit if he or she is successfully participating in [Evidence-based Recidivism Reduction ("EBRR")] programs or [Productive Activities ("Pas")] that the Bureau has recommended based on the inmate's individualized risk needs assessment on or after January 15, 2020." 28 C.F.R. § 523.42(b). Depending on the inmate's status, he may earn either ten or fifteen days for every thirty days of programming. *See* 28 C.F.R. § 523.42(c).

Assuming the inmate meets the eligibility criteria set forth in 18 U.S.C. § 3632(g)(1), and his sentence includes a term of supervised release, the BOP may apply those credits to transfer (in effect release) the inmate to supervised release up to twelve months early:

> If the sentencing court included as a part of the sentence a requirement that the prisoner be placed on a term of supervised release after imprisonment pursuant to section 3583, the Director of the Bureau of Prisons may transfer the prisoner to begin any such term of supervised release at an earlier date, not to exceed 12 months, based on the application of time credits under 3632.

18 U.S.C. § 3624(g)(3); *see also* 28 C.F.R. § 523.44(d) (stating that BOP may apply FSA Time Credits toward early transfer to supervised release "no earlier than 12 months before the date that transfer to supervised release would otherwise have occurred").[1] However, FSA credits cannot be applied to the sentence until an inmate has earned credits "in an amount equal to the remainder of the prisoner's imposed term of imprisonment." 18 U.S.C. § 3624(g)(1)(A).

---

[1] A maximum of 365 credits may be applied towards early transfer to supervised release assuming an inmate is eligible for application of FSA credits. *See* 28 C.F.R. § 523.44(d); Program Statement 5410.01 at 16 (for inmates meeting eligibility criteria, "up to 365 days of earned FTCs will be automatically applied to early release").

Congress has explicitly described circumstances in which inmates are disqualified from application and ineligible for receipt of FSA Time Credits. For example, 18 U.S.C. § 3632(d)(4)(D), provides: "A prisoner is ineligible to receive time credits under this paragraph if the prisoner is serving a sentence for a conviction under any of the following provisions of law: (lix) Section 276(a) of the Immigration and Nationalization Act (8 U.S.C. § 1326) relating to the reentry of a removed alien, but only if the alien is described in paragraph (1) or (2) of subsection (b) of that section." Furthermore, "a prisoner is ineligible to apply time credits under subparagraph (C) if the prisoner is the subject of a final order of removal under any provision of the immigration laws (as such term is defined in section 101(a)(17) of the Immigration and Nationality Act (8 U.S.C. § 1101(a)(17))." 18 U.S.C. § 3632(d)(4)(E).

Prior to February 6, 2023, BOP policy prohibited application of earned credit towards the early supervised release of inmates who were subject to detainers. *See* Program Statement 5410.01, First Step Act of 2018 - Time Credits: Procedures for Implementation of 18 U.S.C. § 3632(d)(4) at 14 (available at www.bop.gov). However, as of February 6, 2023, this agency policy was revised so that detainers no longer disqualify inmates from applying time credits toward transfer to early supervised release. Yet, inmates who are subject to a final order of removal remain ineligible to apply credits. *Id*; *see also* 18 U.S.C. § 3632(d)(4)(E) (prisoner with a "final order of removal" is ineligible to apply FSA Time Credits).

***C. Law and Application***

Pineda is ineligible to earn FSA time credits because he is serving a sentence for a disqualifying offense, Reentry of a Deported Alien, in violation of 8 U.S.C. § 1326. Pineda's 18-month revocation sentence is not related to a new offense but instead represents a continuation of the penalty imposed for his original violation of 8 U.S.C. §1326(b)(2). *See* 18 U.S.C. § 3583(e)(3);

*see, e.g., United States v. Hampton*, 633 F.3d 334, 341 (5th Cir. 2011) ("[I]t has always been the case that the defendant could be punished for the underlying offense with revocation imprisonment if she violates the conditions of supervised release even if the total amount of time that the defendant thereby spends in prison exceeds the statutory maximum for the underlying offense."). Accordingly, Pineda is serving a sentence for a conviction that disqualifies him from receiving any FSA Time Credits. *See* 18 U.S.C. §3632(d)(4)(D)(lix).

As the Respondent notes, this is true even though Pineda's 1326(b)(2) conviction only accounts for 18 of the 378 months he is serving in custody. When determining whether a prisoner with multiple convictions, not all of them disqualifying, is eligible to earn time credits under the FSA, the BOP considers each conviction resulting in a term of imprisonment under 18 U.S.C. § 3584(c). "Multiple terms of imprisonment ordered to run consecutively or concurrently shall be treated for administrative purposes as a single, aggregate term of imprisonment." *Id*. Accordingly, where a prisoner is serving multiple, consecutive sentences, the BOP must aggregate the sentences as a single term of imprisonment for administrative purposes. District courts have consistently held that "sentence calculation and the BOP's administration of incentives which reduce the length of a prisoner's term of imprisonment are administrative functions of the BOP subject to § 3584(c)." *Sok v. Eischen,* 2022 WL 17156797, at *5 (D. Minn. Oct. 26, 2022) (citing cases), *report and recommendation adopted*, 2022 WL 17128929 (Nov. 22, 2022).[2]

For example, in *Sok*, the petitioner was convicted of multiple offenses, one of which rendered him ineligible to earn FSA Time Credits. 2022 WL 17156797, at *2. He argued that his sentence for the disqualifying offense under the FSA had expired, and he was serving a sentence

[2] *See also Cortez v. Hemingway*, 2023 WL 4274957, at *2 (E.D. Mich. June 29, 2023) (citing federal district court cases rejecting the argument that consecutive sentences may be bifurcated under the FSA and concluding that habeas petitioner was ineligible to receive time credits because he was serving a sentence for a disqualifying offense as part of his single aggregate term of imprisonment).

only for eligible offenses. *Id*. The court disagreed, concluding that the BOP's aggregation of sentences to evaluate the petitioner's time-credit eligibility was not only reasonable, but required under Section 3584(c). *Id*. at *5-6. Thus, because the petitioner's aggregate sentence included a sentence for a disqualifying offense, the court concluded that he was not eligible to earn time credits under the FSA. *Id.* at *6.

Accordingly, because Pineda is serving a sentence for a disqualifying offense, he is ineligible to earn time credits under the FSA. The Court need not address any remaining arguments.

## III.
## CONCLUSION

For the reasons stated above, Pineda's petition fails to state a claim for relief under 28 U.S.C. § 2241. Accordingly, **IT IS RECOMMENDED** that the petition be **DENIED** and **DISMISSED WITH PREJUDICE**.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE AND SIGNED in chambers this 8th day of September, 2026.

THOMAS P. LEBLANC
UNITED STATES MAGISTRATE JUDGE